**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

October 7, 2008

**VIA ELECTRONIC FILING**

N. Ari Weisbrot, Esq.
Phillips Nizer LLP
Court Plaza North
25 Main Street, 6th Floor
Hackensack, NJ 07601

Joel N. Kreizman, Esq.
Evans, Osborne & Kreizman, LLC
802 West Park Avenue, Suite 222
Ocean, New Jersey 07712

> Re:   **Propane Power Corp. v. ALM Plumbing & Heating Supply Co, Inc., et al.,**
>        **Civil Action No. 08-2842 (JLL)**

Dear Counsel:

This matter is before the Court on Plaintiff's, Propane Power Corp.'s, motion for default judgment against Defendants, ALM Plumbing & Heating Supply Co., Inc., Michael Graziuso, and Dolores Graziuso, and Defendants' motion to set aside the Clerk's entry of default. The matter is resolved on the submissions of the parties, without oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motion is granted, and Plaintiff's motion for default judgment is deemed moot.

**I.   Background**

On June 11, 2008, Plaintiff filed a complaint against Defendants asserting claims for breach of contract, conversion, unjust enrichment, book account, quantum meruit, and account

1

stated.  On July 14, 2008, counsel for Plaintiff filed affidavits of service for all defendants.  On July 24, 2008, no answer or other materials having been received from Defendants, this Court issued an order directing Plaintiff to move for default against Defendants.  Plaintiff complied five days later, submitting a request for default and a motion for default judgment.  The Clerk entered default against Defendants the same day, July 29, 2008.  On August 21, 2008, Defendants filed their motion to set aside default.  Plaintiff did not submit an opposition to Defendants' motion.

## II.     Discussion

### A.     Motion to Set Aside Entry of Default

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  Adjudication of a motion to set aside default is left to the discretion of the district court.  Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002).  In reviewing such a motion, the court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).   The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . so that cases may be decided on their merits."  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted).

Defendants assert that Plaintiff will not be prejudiced if this Court vacates the Clerk's entry of default because only money damages are being sought and any additional delay can be compensated for through interest. Next, Defendants' provide an account of the facts at issue that vary from those alleged in the complaint.  Specifically, Mr. Graziuso disputes Plaintiff's contention that ALM's certification of incorporation has expired, exposing Mr. Graziuso and his sister, Dolores Graziuso, to personal liability.  (Cert. of Michael Graziuso, ¶ 3.)  He also asserts, as a defense to Plaintiff's claim for failure to pay for products purchased, that Plaintiff  "has substantially overcharged ALM for those products." (Id.*,* ¶ 4.)   Finally, Defendants assert that their delay in responding to Plaintiff's complaint was due to improper service.  Although affidavits of service were received by this Court, showing service by delivery to an "Anthony 'Doe' - Man. Agent" at ALM, defendant Michael Graziuso (Chief Executive Officer of ALM) states that he has "never been served with Summons and Complaint in this matter, nor am I aware of any service upon either of the other two defendants." (Id., ¶ 2.)  He also states that "[n]o one by the name of 'Anthony' works for ALM." (Id.)

Considering all of Defendants' arguments and mindful of the Third Circuit's preference to resolve cases on their merits rather than by default, this Court finds that Defendants have shown "good cause" to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and thus, grants Defendants' motion.  Consequently, Plaintiff's motion for default judgment is deemed moot.

### III.     Conclusion

For the aforementioned reasons, Defendants' motion to set aside the entry of default is granted and Plaintiff's motion for default judgment is deemed moot. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge